UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
XIULING TAN,

               Plaintiff,

        - against -

MACY'S,

               Defendant.
------------------------------------------------------x
XIULING TAN,

               Plaintiff,

        - against -

THE LINQ HOTEL,

               Defendant.
------------------------------------------------------x
XIULING TAN,

               Plaintiff,

        - against -

HONDA MOTOR CO. INC.,

               Defendant.
------------------------------------------------------x
XIULING TAN,

               Plaintiff,

        - against -

WALT DISNEY COMPANY,

               Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4919 (PKC) (LB)

21-CV-4921 (PKC) (LB)

21-CV-4922 (PKC) (LB)

21-CV-5029 (PKC) (LB)

```
-------------------------------------------------------x
```
XIULING TAN,

                Plaintiff,

       - against -                                    21-CV-5030 (PKC) (LB)

MARRIOTT INTERNATIONAL, INC.,

                Defendant.
```
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

      Plaintiff Xiuling Tan, a resident of Brooklyn, New York, brings these five *pro se* actions under the Court's federal question jurisdiction, 28 U.S.C. § 1331. The actions are consolidated for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) are granted.[1] For the reasons discussed below, the Complaints are dismissed.

## BACKGROUND

      In each Complaint, Plaintiff claims that she is "the princess of U.S.A." and that she was "kidnapped by enemies" when she was very young. (No. 21-CV-4919, Dkt. 1, at 5; No. 21-CV-4921, Dkt. 1, at 2, 4; No. 21-CV-4922, Dkt. 1, at 2, 4; No. 21-cv-5029, Dkt. 1, at 4–5; No. 21-CV-5030, Dkt. 1, at 5.) Plaintiff further alleges that her family owns Macy's, The Linq Hotel in Las

---

[1] On August 9, 2021, Plaintiff filed an action against N & L Market, and the Court denied Plaintiff's application for IFP status because she had not established that she was unable to pay the filing fee of $402. There, Plaintiff affirmed that she had $4,008 in cash or savings. The Court directed Plaintiff to pay the filing fee by September 1, 2021 to proceed with that action. *Tan v. N & L Market*, No. 21-CV-4561 (PKC) (LB). Although Plaintiff failed to comply, the Court granted Plaintiff leave to file an amended IFP application in that matter. In these five actions, Plaintiff alleges that she is unemployed and has cash or savings of $1,493 or $1,500 and that she pays $1,000 or $1,200 per month in child support. (*See* No. 21-CV-4919, Dkt. 2, at ECF 2; No. 21-CV-4921, Dkt. 2, at ECF 2; No. 21-CV-4922, Dkt. 2, at ECF 2; No. 21-cv-5029, Dkt. 2, at ECF 2; No. 21-CV-5030, Dkt. 2, at ECF 2.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Vegas, Honda Motor Company (or GMC), Walt Disney Company, and Marriot International Inc., and that she is entitled to damages as the "real owner" of Macy's and the Linq Hotel. (No. 21-CV-4919, Dkt. 1, at 4–6; No. 21-CV-4921, Dkt. 1, at 4.) She also seeks equities, assets, and cash from GMC, Walt Disney Company, and Marriot International. (No. 21-CV-4922, Dkt. 1, at 4–5; No. 21-CV-5029, Dkt. 1, at 6; No. 21-CV-5030, Dkt. 1, at 6.)

## LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is

obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and quotations omitted).

## DISCUSSION

Plaintiff brings these actions pursuant to 28 U.S.C. § 1331. Section 1331 gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case gives rise to federal question jurisdiction when federal law creates the plaintiff's cause of action or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (citation and quotations omitted). Here, Plaintiff fails to allege any facts in any of the five Complaints to support federal question jurisdiction. *See* 28 U.S.C. § 1331; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Further, even under a liberal review, the Court finds that Plaintiff's claims in all five actions are factually frivolous. "A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); *accord Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

contradict them."). Since "[t]he problem with [Plaintiff]'s causes of action is substantive[,] better pleading will not cure it. Repleading would thus be futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court therefore declines to allow Plaintiff to file amended complaints in any of these five actions.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quotations and citations omitted).

Plaintiff is warned that the future filing of frivolous litigation by her may result in sanctions, including the imposition of an injunction prohibiting her from making future filings seeking IFP status without first obtaining permission from the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned cases are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgments and terminate these cases. The Clerk of Court also is directed to restrict the public's access to Plaintiff's IFP applications as she did not redact her minor children's names. (*See* 21-CV-4919, Dkt. 2; 21-CV-

5

4921, Dkt. 2; 21-CV-4922, Dkt. 2; 21-CV-4930, Dkt. 2.) Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: September 24, 2021
       Brooklyn, New York